1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   GERALDINE DARDEN,                    1:12-CV-01104-MJS (PC)

12
                    Plaintiff,           ORDER DENYING MOTION FOR
13                                        APPOINTMENT OF COUNSEL
     vs.
14
                                          (ECF NO. 3)
15   DR. SINGH, et al,

16
                    Defendants.
17
     _____/
18
          Plaintiff Geraldine Darden, a state prisoner proceeding pro se and in forma
19
     pauperis filed this civil rights action on July 9, 2012 pursuant to 42 U.S.C. § 1983.
20
     (Complaint, ECF No. 1.) On July 9, 2012, Plaintiff filed a motion to appoint counsel
21
     (Motion to Appoint Counsel, ECF No. 3), which is now before the Court.
22
          Plaintiff does not have a constitutional right to appointed counsel in this action,
23
     Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other
24
     grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an
25
     attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United
26
     States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
27
     However, in certain exceptional circumstances the Court may request the voluntary
28

1   assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

2        Without a reasonable method of securing and compensating counsel, the Court

3   will seek volunteer counsel only in the most serious and exceptional cases. In

4   determining whether "exceptional circumstances exist, the district court must evaluate

5   both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

6   his claims *pro se* in light of the complexity of the legal issues involved." Id.

7        In the present case, the Court does not find the required exceptional

8   circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that

9   she has made serious allegations which, if proved, would entitle her to relief, her case is

10   not exceptional. This Court is faced with similar cases almost daily. Further, at this early

11   stage in the proceedings, the Court cannot make a determination that Plaintiff is likely

12   to succeed on the merits, and based on a review of the record in this case, the Court

13   does not find that Plaintiff can not adequately articulate her claims.  Id.

14        For the foregoing reasons, Plaintiff's Motion to Appoint Counsel (ECF No. 3) is

15   HEREBY DENIED, without prejudice.

16

17   IT IS SO ORDERED.

18   Dated:    July 13, 2012          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28