UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN,<br><br>                    Plaintiff,<br><br>         v.<br><br>DR. SINGH, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO.   1:12-CV-01104-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**FIRST SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Geraldine Darden, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

The Complaint is now before the Court for screening.

-1-

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Central California Womens Facility ("CCWF") in Chowchilla, California. (Compl. at 1.) In May of 2009, she was hospitalized for a loss of mobility at Fresno Community Hospital ("FCH"), where Defendant Dr. Singh diagnosed multiple sclerosis ("MS") and recommended treatment with the drug Avonex. (Id. at 4.) Defendant Mendhi, a medical doctor on staff at CCWF, prescribed Avonex and in September of 2009 Plaintiff began treatment with Avonex. (Id.)

Plaintiff alleges she disclosed her history of cancer to Defendants during pre-treatment consultation. (Id.) She contends Avonex is a drug that increases one's risk of cancer. (Id.) Defendants did not disclose to her that Avonex increases the risk of cancer. (Id.) Plaintiff later developed cancer necessitating removal of her left breast. (Id.)

She attributes her breast cancer to Defendant Singh's errant recommendation of Avonex and Defendant Mendhi's errant treatment with Avonex. (Id. at 4-5.)

She names as Defendants (I) Singh, FCH medical doctor, and (ii) Mendhi, CCWF medical doctor. (Id. at 2-3.)

She seeks monetary compensation. (Id. at 3, 5.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. Private Party Participation

Generally, a private party such as Defendant Singh is not acting under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

"The United States Constitution protects individual rights only from *government* action, not from *private* action." Single Moms, Inc., 331 F.3d 743 at 746. "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy, 531 U.S. 288 at 295).

"[S]tate action may be found if, though only if, there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S. 288 at 295. Private entities have been treated as state actors when they are controlled by a state agency, when they have "been delegated a public function by the [s]tate," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control." Brentwood Academy, 531 U.S. at 296; see also Bektic-Marrero v. Goldberg, - - - F.Supp.2d - - - - , 2012 WL 733875 at *7 (S.D.N.Y. 2012) (private physician under contract to provide part-time medical services for state acting under color of state law).

Plaintiff fails to allege facts claiming that Defendant Singh was acting under color of

state law when allegedly violating her rights. If Plaintiff chooses to amend she should allege true facts, not conjecture or surmise, claiming that Defendant Singh's actions may fairly be treated as actions of the state pursuant to the above standards.

**C.      Medical Indifference**

Plaintiff alleges Defendant Singh negligently recommended Avonex and Defendant Mendhi negligently treated her with Avonex, a drug she contends caused her to develop breast cancer, in deliberate indifference to her serious medical needs violating her Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a

prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically

unacceptable under all the circumstances).

Plaintiff's diagnosed MS and related loss of mobility, if not properly treated would be expected to cause interference in daily activities, pain and further injury. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, her allegations are not sufficient under the above standards to plausibly claim that Defendant Singh's recommendation of Avonex and Defendant Mendhi's treatment with Avonex were deliberately indifferent to her medical needs. Her disagreement with Defendants' professional judgment is not actionable unless she can claim the use of Avonex was medically unacceptable and with conscious disregard of an excessive risk to her health.

There are no facts before the Court suggesting that use of Avonex was medically unacceptable. Plaintiff's belief, however sincere that this treatment option presented a risk of adverse affect, whether or not the risk was ultimately realized, is not alone sufficient to claim that its use was medically unacceptable. Plaintiff also fails to allege facts claiming that Defendants actually knew of an excessive risk to Plaintiff's health from use of Avonex and then disregarded that known excessive risk.

Accordingly, Plaintiff alleges no facts plausibly claiming Defendants intentionally treated her in a medically unacceptable manner.

While Plaintiff's health setbacks are no doubt tragic and saddening, the allegations before the Court amount to no more than medical negligence. These allegations are not sufficient to claim a violation of federal rights. See Scotton v. Amerongen, - - - F.Supp.2d - - - - , 2009 WL 1853311 at *5 (N.D. Iowa 2009) (negligent acts by prison officials are not actionable under § 1983); cf., White v. Napoleon, 897 F.2d 103, 110 (3rd Cir. 1990) (doctor's use of inappropriate drug for no valid reason, or persistent use of a particular medication after prisoner told doctor that seizures had increased in ferocity and frequency, may be sufficient to state deliberate indifference).

The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The Court will grant Plaintiff an opportunity to amend this claim. If she chooses to amend he must set forth sufficient facts showing, in addition to her demonstrated serious medical need, a deliberately indifferent response to that need on the part of each Defendant acting under color of state law.

### D.  **Exhaustion of Administrative Remedies**

Plaintiff fails to allege she has exhausted her administrative remedies through the prison appeal process.[1]

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of

---

[1] Complaint at 2. The cited "Attachment A" is not included with the Complaint as filed.

-8-

administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81 (2006)).

If Plaintiff chooses to amend, she should allege facts supporting exhaustion at each level of prison appeal as to all named Defendants.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant her an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, she must demonstrate that the alleged acts resulted in a deprivation of her constitutional rights. Iqbal, 129 S.Ct. at 1948–49. She must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). She must also demonstrate that each named Defendant personally participated in a deprivation of her rights under color of state law. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although she has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). She should carefully read this screening order and focus her efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended

-9-

complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of her Complaint filed July 9, 2012,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   July 27, 2012            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE