IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN, | CASE No.   1:12-cv-01104-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| | (ECF No. 11) |
| DR. SINGH, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Geraldine Darden, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 27, 2012, the Complaint was screened and dismissed for failure to state a claim, with leave to amend. (ECF No. 7.) On August 27, 2012, Plaintiff filed a First Amended Complaint. (ECF No. 10). The Court has not yet screened the First Amended Complaint. On August 27, 2012, Plaintiff filed a motion to appoint counsel (ECF No. 11), which is now before the Court.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

1  However, in certain exceptional circumstances the Court may request the voluntary
2  assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

3  Without a reasonable method of securing and compensating counsel, the Court
4  will seek volunteer counsel only in the most serious and exceptional cases. In
5  determining whether "exceptional circumstances exist, the district court must evaluate
6  both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate
7  his or her claims pro se in light of the complexity of the legal issues involved." Id.
8  Neither of these factors is dispositive and both must be viewed together before
9  reaching a decision on request of counsel under section 1915(d)." Wilborn v.
10 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970
11 (9th Cir. 2009).

12 The burden of demonstrating exceptional circumstances is on the Plaintiff. See
13 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
14 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 Fed.
15 Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");
16 Simmons v. Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v.
17 Yarborough, 459 Fed. Appx. 601, 602 (9th Cir. 2011) (plaintiff "did not show the
18 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

19 In the present case, the Court does not find the required exceptional
20 circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that
21 she has made serious allegations which, if proved, would entitle her to relief, her case is
22 not exceptional. This Court is faced with similar cases almost daily. Further, the Court
23 can not make a determination at this early stage of the litigation that Plaintiff is likely to
24 succeed on the merits. The Court has yet to find any cognizable claim(s). The medical
25 indifference allegations do not appear to be novel or unduly complex, and remain in
26 dispute. It is not clear at this point that Plaintiff's allegations will involve extensive
27 investigation and discovery.

28 The record in this case including the operative First Amended Complaint

1  demonstrates sufficient writing ability and legal knowledge to articulate the claims
2  asserted. The Court does not find that at present, Plaintiff can not adequately articulate
3  her claims.
4      Additionally, it is not apparent on the record that before bringing this motion
5  Plaintiff made any diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does
6  not demonstrate that efforts to secure counsel necessarily would be futile.
7      For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 11) is
8  HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   September 11, 2012      /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).