1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GERALDINE DARDEN,

                    Plaintiff,

      v.

DR. SINGH, et al.,

                 Defendants.

_____/

CASE NO.    1:12-cv-01104-AWI-MJS (PC)

FINDINGS AND RECOMMENDATIONS
FOR DISMISSAL OF ACTION WITH
PREJUDICE FOR FAILURE TO STATE A
CLAIM SUBJECT TO 28 U.S.C. § 1915(g)

(ECF No. 10)

FOURTEEN (14) DAY DEADLINE

## I.    __PROCEDURAL HISTORY__

Plaintiff Geraldine Darden, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) She has declined Magistrate Judge jurisdiction. (ECF No. 8.)

Plaintiff's Complaint was dismissed for failure to state a claim, but she was given leave to amend. (ECF No. 7.) She filed a First Amended Complaint on August 27, 2012. (ECF No. 10). It is now before the Court for screening.

-1-

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393—94 (1989).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is incarcerated at the Central California Women's Facility ("CCWF") in Chowchilla, California. (First Am. Compl. at 1.) In May of 2009, she was hospitalized at Fresno Community Hospital ("FCH") where Defendant Dr. Singh diagnosed multiple sclerosis ("MS") and recommended treatment with the drug Avonex. (Id. at 4-5.) Defendant Mendhi, a medical doctor on staff at CCWF, prescribed Avonex and Plaintiff

began treatment with Avonex. (Id. at 5.) Plaintiff alleges she is predisposed to cancer and that she disclosed such to Defendants during pre-treatment consultation. (Id.) She contends Avonex is carcinogenic and increases one's risk of cancer. (Id.) Defendants did not warn her that Avonex increased the risk of cancer. (Id.) She later developed cancer which led to  removal of her left breast. (Id. at 6.) She claims treatment with Avonex caused the cancer. (Id. at 4-5.) She claims Defendants negligently recommended and prescribed Avonex. (Id. at 6.) She claims Avonex is medically unacceptable as treatment for a person who has a predisposition to cancer. (Id.)

She names as Defendants (I) Singh, FCH medical doctor "delegated by CCWF to care for state prisoners", and (ii) Mendhi, CCWF medical doctor. (Id. at 3-4.)

She seeks monetary compensation. (Id. at 4, 6.)

**IV.   ANALYSIS**

**A.   Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff

-3-

1   must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

2   plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that

3   a defendant committed misconduct and, while factual allegations are accepted as true,

4   legal conclusions are not. Id. at 667-68.

5       **B.      Private Party Participation**

6       A private party such as Defendant Singh generally is not acting under color of

7   state law when he merely provides services. Brentwood Academy v. Tennessee

8   Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v.

9   Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St.

10  Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v.  Hawaii, 939 F.2d 702,

11  707-08 (9th Cir. 1991). "The United States Constitution protects individual rights only

12  from government action, not from private action." Single Moms, Inc., 331 F.3d at 746.

13  "Only when the government is responsible for a plaintiff's complaints are individual

14  constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood

15  Academy, 531 U.S. 288 at 295). "[S]tate action may be found if, though only if, there is

16  such a close nexus between the state and the challenged action that seemingly private

17  behavior may be fairly treated as that of the state itself." Brentwood Academy, 531 U.S.

18  288 at 295. Private entities have been treated as state actors when they are controlled

19  by a state agency, when they have "been delegated a public function by the [s]tate,"

20  when they are "entwined with governmental policies," and when the "government is

21  entwined in [their] management or control." Brentwood Academy, 531 U.S. at 296; see

22  also Bektic-Marrero v. Goldberg, - - - F.Supp.2d - - - - , 2012 WL 733875 at *7 (S.D.N.Y.

23  2012) (private physician under contract to provide part-time medical services for state

-4-

acting under color of state law).

Here Plaintiff's allegation that CCWF "delegated" to Defendant Singh the care of state prisoners is mere conclusion or supposition. It is unaccompanied by any alleged facts suggesting that Defendant Singh was anything more than a physician on duty when the government sought care outside the prison when it was unable to provide that same care inside the prison. That is insufficient to support a claim that Defendant Singh was acting under color of state law when allegedly violating her federal rights. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation or the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 555.

Plaintiff previously was advised of this pleading deficiency and afforded an opportunity to correct it. The fact that she failed to so correct it is reason to conclude she is unable to do so. No useful purpose would be served by once again advising of the deficiency and giving another opportunity to correct it.

### C.    Medical Indifference

Plaintiff alleges Defendant Singh negligently recommended Avonex and Defendant Mendhi negligently treated her with Avonex, a drug she contends caused her to develop breast cancer, in deliberate indifference to her serious medical needs violating her Eighth Amendment rights.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires that plaintiff show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could

result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096, quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096, citing <u>McGuckin</u>, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), citing <u>Estelle</u>, 429 U.S. at 105-06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

[§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Plaintiff's diagnosed MS and related loss of mobility, if not properly treated, could be expected to cause interference in daily activities, pain and further injury. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, Plaintiff's allegations do not reflect that Defendant Mendhi's use of Avonex to treat Plaintiff's MS reflects deliberate indifference to Plaintiff's medical needs. Indeed the allegations suggest tend more to suggest the opposite.

Disagreement with Defendant's professional judgment is not actionable unless it is

-7-

plausibly alleged that the course of treatment was medically unacceptable and represented a knowing disregard of an excessive risk to health. Plaintiff alleges it is medically unacceptable to treat someone predisposed to cancer with Avonex. This allegation is, without more, mere conclusion that is inconsistent with other allegations and otherwise unsupported. Here, it is alleged that despite having been advised Plaintiff was "predisposed to cancer", one licenced medical doctor recommended Avonex and another actually prescribed it.  Medical literature on treatment of MS with a drug such as Avonex shows no manufacturer's warnings or contraindications relating to cancer or predisposition thereto.[1]   There is nothing before the Court to suggest that any medical provider or source recommended treatment different from that provided by Defendant Mendhi, much less that Defendant knowingly and with a culpable state of mind rejected that recommendation. See Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (no deliberate indifference where no indication any medical provider recommended a treatment different from that provided, and absent a culpable state of mind). "[N]o claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment." Geddes v. Cox, 880 F.Supp. 767, 769 (D. Kan. 1995), citing Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1993).

Even if there were support for Plaintiff's claim that Avonex is contraindicated in patients predisposed to cancer, Plaintiff has alleged at most negligence in prescribing it, not culpable negligence or a "conscious disregard of substantial risk of serious harm."

---

[1] Physicians' Desk Reference, PDR 2607-0340, Rebif® (interferon beta-1a), PDR Network LLC, Updated March 2012.

Hill, 657 F.3d at 123.  "Issues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking." See Hernandez v. Keane, 341 F.3d 137, 146-48 (2d Cir. 2003). It appears Plaintiff received acceptable treatment; ongoing care and treatment provided in Defendants' professional discretion. See Johnson v. Wright, 234 F.Supp.2d 352, 360 (S.D.N.Y. 2002), citing Tolbert v. Wyman, 434 F.2d 625, 626 (9th Cir. 1970) ("Prison officials and medical officers have wide discretion in treating prisoners, but may be liable where the treatment provided was so cursory as to amount to no treatment at all.")

In summary, the court finds that Plaintiff has alleged no facts plausibly claiming intentional treatment in a medically unacceptable manner. Her allegations are not sufficient to claim a violation of federal rights. See Scotton v. Amerongen, - - - F.Supp.2d - - - - , 2009 WL 1853311 at *5 (N.D. Iowa 2009) (negligent acts by prison officials are not actionable under § 1983). The allegations in fact tend to belie the claims made.

Again, these deficiencies and what was necessary to correct them were previously pointed out to Plaintiff, and she was given an opportunity to correct them.  She did not. And so, again, the Court finds that no useful purpose would be served by repeating that unproductive process. Leave to amend will not be granted.

## V.    CONCLUSIONS AND RECOMMENDATION

Plaintiff's First Amended Complaint fails to state any cognizable claim under 42 U.S.C. § 1983 and leave to amend would be futile. Accordingly, it is RECOMMENDED that this matter be DISMISSED WITH PREJUDICE by the District Judge and that dismissal count as a strike under 28 U.S.C. § 1915(g) and that the Clerk thereupon terminate all pending motions, close the file and enter judgment in this case.

1  These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

3  Within fourteen (14) days after being served with these findings and recommendations,

4

5  any party may file written objections with the Court and serve a copy on all parties. Such

6  a document should be captioned "Objections to Magistrate Judge's Findings and

7  Recommendations." Any reply to the objections shall be served and filed within ten (10)

8  days after service of the objections. The parties are advised that failure to file objections

9  within the specified time may waive the right to appeal the District Court's order. <u>Martinez</u>

10  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11

12

13

14

15

16  IT IS SO ORDERED.

17

18  Dated:   September 14, 2012          /s/ *Michael J. Seng*

19  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27